244 Lenox Avenue LLC et al., Appellants, v Edgar Bazelais et al., Defendants, and Department of Environmental Protection et al., Respondents. [6 NYS3d 237]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered April 26, 2013, which granted the motions by defendant Neighborhood Restore Housing Development Fund and the City defendants to dismiss the complaint as against them, and denied plaintiffs' cross motion to vacate the judgment issued in an earlier tax foreclosure action and to reverse the transfer of the property to Neighborhood Restore, unanimously affirmed, without costs.

In January 2008, the City of New York commenced an in rem tax foreclosure action in connection with unpaid taxes, charges and interest due on a property located at 244 Lenox Avenue. The tax foreclosure action resulted in a final judgment, entered on February 23, 2011. Almost four months after entry of judgment, plaintiffs purchased a note from defendant mortgagee Wells Fargo Bank NA related to the property. After the owner of the property defaulted under the note, plaintiffs commenced this action, seeking, inter alia, to foreclose on the property, to invalidate the judgment issued in the tax foreclosure action, and to reverse a transfer by the City to defendant Neighborhood Restore.

The record shows that the City commenced the tax foreclosure action at least one year from the date of the initial tax assessment (*see* Administrative Code of City of NY § 11-404), and followed the other applicable procedures for commencing the action (Administrative Code § 11-405 [d]). The City also

adhered to the statutory notice requirements (Administrative Code § 11-406 [c]), and was under no obligation to provide plaintiffs with notice, since they did not follow the statutory procedure entitling them to such notice (Administrative Code § 11-406 [c]). Plaintiffs have presented no other basis to challenge the procedural propriety of the tax foreclosure action or the judgment. Because any interest they may have had in the property was subordinate to the City's tax lien (Administrative Code § 11-301), plaintiffs are bound by the tax foreclosure proceeding and the judgment.

Plaintiffs also fail to present a basis for reversing the transfer of the property to Neighborhood Restore. The deed clearly indicates that Neighborhood Restore was designated a qualified third party by the Department of Housing Preservation & Development. Moreover, the City's transfer of the property occurred within the requisite statutory period (Administrative Code § 11-412.1 [c]), following approval by the City Council (Administrative Code § 11-412.2).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.